IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2848 CIVIL ACTION NO. 18-md-2848 |
| THIS DOCUMENT RELATES TO: | : : : | |
| DAVID R. ELMEGREEN as Trustee of THE SUE A. ELMEGREEN TRUST v. MERCK & CO., INC., et al. Civil Action No. 17-2044 | : : : : : | |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 461

Bartle, J.                                            December 14, 2022

Plaintiff has filed a motion for review of the Clerk's taxation of costs against him following the entry of summary judgment in favor of the defendants Merck & Co., Inc. and Merck, Sharp & Dohme LLC[1] ("Merck") and the voluntary dismissal of plaintiff's appeal to the Court of Appeals. In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig., 579 F. Supp. 3d 675 (E.D. Pa. 2021), appeal dismissed sub nom., Elmegreen v. Merck & Co. Inc., No. 22-1023, 2022 WL 2445036 (3d Cir. May 23, 2022).

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, the Clerk is authorized to tax costs in favor of Merck as the prevailing party. The costs that may be taxable

---

1. Defendant Merck Sharp & Dohme Corp. is now known as Merck Sharp & Dohme LLC. Its sole member is Merck & Co., Inc.

are set forth in 28 U.S.C. § 1920.  On November 10, 2022, after review of Merck's bill of costs, the Clerk entered judgment in its favor and against plaintiff in the amount of $13,700.56.  Plaintiff challenges the award in excess of $8233.67 and seeks review by this court under Rule 54(d)(1).

Under 28 U.S.C. § 1920(2), a prevailing party may recover as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  Plaintiff specifically objects to the judgment to the extent that the Clerk awarded costs for both the written and video depositions of witnesses as well as for obtaining expedited copies of deposition transcripts.  Plaintiff also objects to the costs associated with acquiring the transcript to the initial multidistrict litigation ("MDL") hearing.[2]

It has been the practice in this MDL, in which this action was a bellwether case, for all parties to videotape depositions.  In this complicated case involving medical and scientific issues, the court finds that both written and video depositions were necessary if this action were ever to be tried.  In re Chocolate Confectionary Antitrust Litig., MDL No. 1935,

---

2.  Plaintiff was among five bellwether cases in this MDL. Defendants seek costs for conducting depositions of expert witnesses whose testimony would have been offered in each of the five cases.  Accordingly, defendants seek to recover from one-fifth of these total costs from plaintiff and from each of the other four bellwether plaintiffs.

2015 WL 8536792, at *4-5 (M.D. Pa. Dec. 11, 2015) (citing Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999)); Duchesneau v. Cornell Univ., Civ. A. No. 08-4856, 2015 WL 619609, at *4-5 (E.D. Pa. Feb. 11, 2015).  The fact that this action was decided on summary judgment rather than at a trial does not affect the analysis in awarding costs.  A party should not be penalized for winning the case sooner rather than later. In re Baby Food Antitrust Litig., 166 F.3d 112, 138-39 (3d Cir. 1999).

      As noted, this MDL involves complex medical and scientific issues.  This and other cases in the MDL have involved numerous depositions and extensive motion practice. Scheduling depositions of busy experts and multiple busy lawyers is not easy.  Through no fault of anyone, scheduling often must be deferred until close to court deadlines.  The expedited depositions of plaintiff's experts here were reasonably necessary under the deadlines imposed by the court.

      Plaintiff's objection to the Clerk's taxation of the cost to acquire the transcript of the initial MDL hearing has merit.  That hearing occurred well before the initiation of the bellwether program, and plaintiff's case was never specifically discussed.  The court reduces the costs taxed to plaintiff by $73.20, which is one-fifth of the total transcript acquisition cost for that hearing.

-4-

    Accordingly, the court will tax costs in favor of Merck in the amount of $13,627.36.